IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MTB SERVICES, INC., <br> t/a, a/k/a, f/k/a MY-T-BRITE, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RDB-12-02109 |
| | * | |
| TUCKMAN-BARBEE CONSTRUCTION <br> CO., INC., *et al.*, | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff MTB Services, Inc. ("Plaintiff" or "MTB") has brought this negligence and breach of contract action against Defendants Tuckman-Barbee Construction Co., Inc. ("Tuckman-Barbee"), Brand Energy Solutions, LLC ("Brand Energy") and Church Restoration Group, LLC ("CRG") (collectively "Defendants") alleging damage to equipment leased by Plaintiff to Defendant CRG in connection with a construction project involving the restoration of the Naval Academy Chapel in Annapolis, Maryland. Plaintiff initially filed a Complaint in the Circuit Court of Maryland for Anne Arundel County. Subsequently, Defendant Tuckman-Barbee, with the consent of both co-Defendants Brand Energy and CRG, removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[1] The Complaint alleges claims of negligence/respondeat

---

[1] MTB is a corporation organized under the laws of the State of Kansas with its principal place of business in Kansas. Notice of Removal ¶ 7, ECF No. 1. Defendants Tuckman-Barbee, Brand Energy and CRG are corporations individually organized under the laws of the State of Delaware having their respective principal places of business in the States of Maryland, Georgia and Delaware. *Id.* Additionally, the amount of damages sought in this case ($216,077.01) satisfies the minimum amount in controversy requirement of $75,000. *Id.* ¶ 8.

superior against Defendants Tuckman-Barbee and Brand Energy (Counts I & II) as well as claims of breach of contract and negligence/respondeat superior/vicarious liability against Defendant CRG (Count III & Count VI).  Additionally, Defendant Tuckman-Barbee has filed cross-claims against its co-Defendants Brand Energy and CRG (ECF Nos. 22 & 23).

Although several motions are presently pending,[2] the present decision will only address Defendant CRG's Motion to Dismiss or in the Alternative to Transfer Venue to the United States District Court for the Western District of Pennsylvania (ECF No. 10), Defendant CRG's Motion to Strike Tuckman-Barbee's Surreply (ECF No. 29), and Defendant Tuckman-Barbee's Motion for Leave, *Nunc Pro Tunc*, to File a Surreply (ECF No. 30).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant Church Restoration Group, LLC's Motion to Dismiss or in the Alternative to Transfer Venue to the United States District Court for the Western District of Pennsylvania (ECF No. 10) is DENIED.  Additionally, Defendant Church Restoration Group, LLC's Motion to Strike Tuckman-Barbee's Surreply (ECF No. 29) is GRANTED and Defendant Tuckman-Barbee Construction Co., Inc.'s Motion for Leave, *Nunc Pro Tunc*, to File Surreply (ECF No. 30) is DENIED.  Accordingly, the Clerk of the Court shall strike Defendant Tuckman-Barbee Construction Co., Inc.'s Surreply (ECF No. 24) from the record.

---

[2] The following motions will remain pending following the issuance of this opinion: Defendant Tuckman-Barbee's Motion for Summary Judgment (ECF No. 28), Plaintiff MTB's Motion for Leave to File Amended Complaint (ECF No. 32); Defendant Tuckman-Barbee's Motion to Substitute Real Party in Interest (ECF No. 37); Plaintiff MTB's Motion for Leave to File Surreply in Opposition to Defendant Tuckman-Barbee's Motion for Summary Judgment (ECF No. 41); Defendant Tuckman-Barbee's Motion to Join Travelers Property Casualty Company of America as a Party Plaintiff (ECF No. 44).

BACKGROUND

At some time prior to January 12, 2009, the Public Works Department of the United States Naval Academy entered into a contract with Defendant Tuckman-Barbee Construction Co., Inc. ("Tuckman-Barbee") for repairs to the Chapel Interior at the United States Naval Academy in Annapolis ("the Project"). AIA Doc. A401-1997, Standard Form Agreement between Contractor and Subcontractor, ECF No. 28-2. On January 12, 2009, Defendant Tuckman-Barbee, as the general contractor on the Project, entered into a subcontract agreement with co-Defendant Church Restoration Group, LLC ("CRG") for the repairs of the chapel interior. *Id.* This agreement provides *inter alia* that "[e]xcept to the extent of a conflict with a specific term or condition contained in the Subcontract Documents, the General Conditions governing this Subcontract shall be the edition of AIA Document A201 . . ." *Id.* ¶ 1.2. According to the AIA Document A201, Defendants Tuckman-Barbee and CRG agreed that the governing law shall be "the law of the place where the Project is located." AIA Doc. A201-1997, General Conditions of the Contract for Constr., ECF No. 28-3.

CRG in turn entered into sub-subcontract agreements relating to the Project. On January 20, 2009, CRG and co-Defendant Brand Energy Services LLC ("Brand Energy") entered into a subcontract for the erection of temporary scaffolding. CRG-Brand Energy Standard Form of Subcontract Agreement, ECF No. 10-4. CRG also entered into a similar contract with Plaintiff MTB Services, Inc. ("Plaintiff" or "MTB"), doing business as Easy Reach Lifts, on May 27, 2009 for the rental of lifts for the Project. CRG-Easy Reach Standard Form of Subcontract Agreement, ECF No. 10-2. These agreements contain a

provision whereby the parties agree that in the event of a dispute, the "Subcontract . . . shall be interpreted in accordance with the laws of the Commonwealth of Pennsylvania, and . . . exclusive jurisdiction and venue of all claims or controversies shall lie in Allegheny County." *Id.* ¶ 28. Moreover, these agreements include a continuing work agreement provision stating:

> **Continuing Agreement Covering Future Work.** This agreement shall be deemed a continuing agreement between the parties governing any and all future work assignments. In the event that the Contractor orally or in writing authorizes the Subcontractor to perform any other work on this or any other jobsite or project for this or any other owner the terms and provision of this agreement, except for price and scope of work, shall govern unless and except as modified in writing by both parties. The terms and provisions hereing shall automatically apply and constitute the terms and provisons of the contract between the parties whether or not the parties make any reference to this agreement in future work assignments.

*Id.* ¶ 31. On August 25, 2009, Plaintiff MTB leased construction equipment to CRG, specifically a ReachMaster Falcon FS 95" Lift ("the Lift"), for use on the Project. Pl.'s Compl. ¶ 5, ECF No. 2. Although, the rental agreement is silent as to choice of forum and choice of law, it includes an integration clause whereby CRG and MTB agree that "[t]his Agreement constitutes the entire Agreement between the Customer and the Company. The Customer acknowledges that the Company has made no representation, or oral or written, other than those included in this Agreement." Easy Reach Rental Agreement ¶ 22, ECF No. 17-2.

In the Complaint, Plaintiff alleges that on September 22, 2009, as the Defendants were using the Lift, "it tipped over as it was being transported up scaffolding and into the Naval Academy Chapel," and that it was damaged as a result. Pl.'s Compl. ¶ 6. Plaintiff further alleges that it sustained $216,077.01 in damages. *Id.* ¶ 7. Accordingly, Plaintiff first

brought a negligence and breach of contract action against Defendant CRG in the District Court of Johnson County, Kansas, Case No. 10-CV-02929.  Docket *MTB Services, Inc. v. Church Restoration Group, LLC*, Case No. 10-CV-02247-RDR-KGS (D. Kan.), ECF No. 10-5. On April 28, 2010, CRG removed that action to the United States District Court for the District of Kansas on the basis of diversity jurisdiction and filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue or in the Alternative to Transfer Venue to the United States District Court for the Western District of Pennsylvania.[3]  *Id.*  On May 26, 2010, Plaintiff MTB filed a Notice of Dismissal Without Prejudice.  *Id.*

Two years later, on May 29, 2012, Plaintiff filed a similar negligence and breach of contract action involving the same allegations against Defendants Tuckman-Barbee, Brand Energy and CRG in the Circuit Court of Maryland for Anne Arundel County, Case No. 12170098.  Notice of Removal ¶ 1, ECF No. 1.  This action was then removed to this Court, on July 16, 2012, by Defendant Tuckman-Barbee with the consent of both Brand Energy and CRG on the basis of diversity jurisdiction[4] pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  *Id.*  However, Defendant CRG later filed a statement indicating that its consent to removal to this Court did not include consent "to the jurisdiction of this Court" nor did it constitute a waiver of "its right to seek further removal to another federal or state court."  Consent to Removal of CRG, ECF No. 7.  Accordingly, and in light of the forum selection clause in its Subcontract Agreement with Plaintiff MTB, Defendant CRG filed a Motion to

---

[3] The Pittsburg, Pennsylvania Courthouse of the United States District Court for the Western District of Pennsylvania is located in Allegheny County.

[4] *See supra* n.1.

Dismiss or in the Alternative to Transfer Venue to the United States District Court for the Western District of Pennsylvania (ECF No. 10).

## STANDARD OF REVIEW

Defendant Church Restoration Group, LLC ("CRG") seeks to dismiss Plaintiff's action under Rule 12(b)(3) of the Federal Rules of Civil Procedure in light of the forum selection clause in the Subcontract Agreement between it and Plaintiff MTB. The United States Court of Appeals for the Fourth Circuit has held that "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *see also TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 855 (D. Md. 2009). This Court has previously noted that under Rule 12(b)(3), "a court is free to look at matters outside of the pleadings, however, the court still must draw all reasonable inferences in the light most favorable to the plaintiff." *Costar Realty Information, Inc. v. Field*, 612 F. Supp. 2d 660, 672 (D. Md. 2009) (citation omitted). Additionally, where no evidentiary hearing is held with respect to the motion, the plaintiff must only make "a *prima facie* showing of proper venue in order to survive a motion to dismiss." *Aggaro v. MOL Ship Management Co.*, 675 F.3d 355, 366 (4th Cir. 2012).

Alternatively, Defendant CRG seeks to transfer this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of showing that a

6

transfer is in the interest of justice. *See Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). A district court has great discretion in determining whether to transfer a case under Section 1404(a). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

As this Court has previously noted, where an agreement between the parties includes a forum selection clause, "the court must consider the convenience of the contractual forum, the fairness of a transfer in light of the forum-selection clause and the parties' relative bargaining power." *TECH USA, Inc.*, 592 F. Supp. 2d at 857 (citing *Stewart Org.*, 487 U.S. at 29). While not dispositive of the issue, a forum selection clause will nevertheless "be a significant factor that figures centrally in the district court's calculus." *Id.* As this Court has previously held, "the following case-specific factors are essential to the analysis of a § 1404(a) motion in a case involving a valid forum-selection clause: '(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice.'" *TECH USA*, 592 F. Supp. 2d at 857 (citing *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)).

## ANALYSIS

**I.  Motion to Dismiss Pursuant to Rule 12(b)(3)**

The Standard Form of Subcontract Agreement (the "Subcontract Agreement") entered into by Defendant Church Restoration Group, LLC ("CRG") and Plaintiff MTB Services, Inc. ("Plaintiff" or "MTB"), doing business as Easy Reach Lifts, on May 27, 2009 contains a provision whereby the parties agree that "exclusive jurisdiction and venue of all claims or controversies shall be in Allegheny County," Pennsylvania.  Subcontract Agreement ¶ 28, ECF No. 10-2.  In light of this provision, Defendant CRG seeks to dismiss this action for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively transfer this action to the United States District Court for the Western District of Pennsylvania.[5]  Plaintiff opposes this motion and contends that this action does not arise out of the Subcontract Agreement but relates to the Rental Agreement signed on August 25, 2009 by which it leased a ReachMaster Falcon FS 95" Lift ("the Lift") to CRG.  Specifically, Plaintiff contends that because the Rental Agreement does not contain a venue provision, venue is proper where a defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a).  Plaintiff further argues that even if the Subcontract Agreement established a requirement for venue, its terms were modified and cancelled by the integration clause included in the Rental Agreement.  In addition, Defendant Tuckman-Barbee also opposes Defendant CRG's motion on the grounds that (a) it did not consent to jurisdiction or venue in the United States District

---

[5] *See supra* n.3.

Court for the Western District of Pennsylvania, and (b) the case could not have been initially brought in the Western District of Pennsylvania under 28 U.S.C. § 1391.[6]

This case comes before this Court following a removal by consent of all Defendants from the Circuit Court of Maryland for Anne Arundel County.  In *Polizzi v. Cowles Magazines, Inc.*, the Supreme Court held that "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.' "  345 U.S. 900, 902 (1953) (quoting 28 U.S.C. § 1441(a)).  As this Court has previously noted, essentially the Supreme Court held that 28 U.S.C. § 1391 "has no application to a removed action." *Lynch v. Vanderhoef Builders*, 228 F. Supp. 2d 644, 645 (D. Md. 2002) (citing *Polizzi*, 345 U.S. at 665).  Accordingly, this Court has previously held "that, when an action brought in a Maryland state court is removed to this Court, proper venue is fixed in this Court." *Three M. Enters. v. Texas D.A.R. Enters.*, 368 F. Supp. 2d 450, 455 (D. Md. 2005) (citing *Lynch*, 228 F. Supp. 2d at 645).  Additionally, "Section 1441(a) establishes federal venue as a matter of law, even if venue would be improper under state law when the action was originally filed." *Three M. Enters.*, 368 F. Supp. 2d at 455 (citations omitted).  Moreover, this Court noted that "the fact that the removal statute establishes venue as a matter of law precludes [a defendant's] Motion to Dismiss or transfer the action based on improper venue." *Id.* at n.4.  Because this Court plainly "embraces" the Circuit Court for Anne Arundel County, venue is proper in this

---

[6] The venue statute allows a civil action to be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391.

Court as a matter of law. Therefore, Defendant CRG's Motion to Dismiss pursuant to Rule 12(b)(3) is DENIED.[7]

## II. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendant CRG has moved, in the alternative, to transfer the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404. "If a district court is the appropriate forum for venue purposes under Section 1441, then a subsequent transfer to another federal district court must be based upon Section 1404(a)." 14C CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3726 at 123 (3d ed. 1998 & Supp. 2005) (citing, e.g., *McCloud Const. Inc. v. Home Depot USA, Inc.*, 149 F. Supp. 2d 695 (D. Wis. 2001)). When considering a motion to transfer pursuant to 28 U.S.C. § 1404(a), the court must consider these factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch*, 237 F. Supp. 2d at 617 (D. Md. 2002). A valid forum selection clause is a "significant factor that figures centrally" when deciding whether to transfer under Section 1404(a) in light of "the parties' expressed preference for that venue." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, the

---

[7] In reaching its decision, this Court notes that the "procedural vehicle by which [forum selection clauses] should be enforced . . . is the subject of some confusion." *The Hipage Co. v. Access2Go., Inc.*, 589 F. Supp. 2d 602, 607 (E.D. Va. 2008) (citation omitted). For example, despite the Supreme Court's holding in *Polizzi v. Cowles Magazines*, 345 U.S. 900, 902 (1953), the United States Court of Appeals for the Fourth Circuit affirmed the United States District Court for the Eastern District of North Carolina's enforcement of a forum selection clause resulting in the dismissal of the action under Rule 12(b)(3). *Baker v. Adidas America, Inc.*, 335 F. App'x 356, 361 (4th Cir. 2009) (unpublished *per curiam* opinion). While the original action had been removed from a state court to the Eastern District of North Carolina, neither the Fourth Circuit nor the district court appear to have discussed the effect of removal under Section 1441 on venue. Under Rule 36(c) of the Fourth Circuit, unpublished opinions do not create binding precedent. Moreover, this Court notes the recent application of the *Polizzi* line of cases in this Circuit to deny a motion to dismiss for improper venue in light of removal under Section 1441. *See IHFC Props., LLC v. APA Mktg., Inc.*, 850 F. Supp. 2d 604, 613-14 (M.D.N.C. 2012).

existence of a valid forum selection clause is not dispositive as the decision to transfer is within the court's discretion and must be based on an "individualized, case-by-case consideration of convenience and fairness." *Id.* The convenience factors to be considered include:

> (1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Brown v. Stallworth*, 235 F. Supp. 2d 453, 456 (D. Md. 2002) (quoting *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622, n.4 (D. Md. 1998) (internal citations omitted)).

A defendant will prevail on a motion to transfer venue under Section 1404(a) if it demonstrates "by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009) (citations omitted). "In order to satisfy this burden, the defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship" to be suffered in the plaintiff's chosen forum. *Id.* "Mere assertions of inconvenience or hardship, without more, are insufficient to sustain" such a motion. *Id.* Ultimately, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely

11

be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

In this case, the only factor in favor of transferring the action to the United States District Court for the Western District of Pennsylvania is the forum selection clause contained in the Subcontract Agreement signed by CRG and Plaintiff on May 27, 2009.[8] While the forum selection clause is a central factor in the transfer analysis, Defendant CRG must also satisfy its burden of establishing by a preponderance of the evidence that venue in the Western District of Pennsylvania would be better and more convenient. However, Defendant CRG has not submitted any affidavits from witnesses and the parties involved to that effect. Moreover, the events occurred in Maryland and the church restoration project is taking place at the Naval Academy Chapel in Annapolis, Maryland. Additionally, the general contractor and the owner of the Project both have their principal places of business in Maryland. Finally, while there may be a question as to whether the Pennsylvania court can exercise personal jurisdiction over some of the Defendants, there is no question that this Court has personal jurisdiction over all Defendants. Accordingly, Defendant CRG has not met its burden to show "that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *CoStar Realty Info*, 604 F. Supp. 2d at 770. As such, Defendant Church Restoration Group, LLC's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

---

[8] At this time, the Court only assumes the validity of this forum selection clause and does not make a finding as to its validity. The Court also withholds its ruling as to the choice of law applicable to this case pending receipt of further briefing from the parties.

**III.     Defendant Tuckman-Barbee's Surreply**

On August 30, 2012, Defendant Tuckman-Barbee filed a Surreply (ECF No. 24) in further opposition to Defendant CRG's Motion to Dismiss or in the Alternative Transfer Venue. Subsequently, Defendant CRG filed a Motion to Strike Tuckman-Barbee's Surreply (ECF No. 29) pursuant to Local Rule 105.2(a). A couple of days later, Defendant Tuckman-Barbee filed a Motion for Leave, *Nunc Pro Tunc*, to File Surreply (ECF No. 30).

In general, parties are not permitted to file sur-replies. Local Rule 105.2(a) (D. Md. 2011). A party moving for leave to file a surreply must show a need for a surreply. *Id.* If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a surreply. *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 862 (D. Md. 2009); *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 466 (D. Md. 2008). Moreover, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Defendant Tuckman-Barbee argues that its Surreply is necessary as it addresses the "new issue" concerning the application of the forum selection clause to non-signatories and the fact that Plaintiff MTB raised the issue of the existence of a second contract between MTB and CRG for the first time in its own Response in Opposition to CRG's Motion to Dismiss or in the Alternative Transfer Venue. Tuckman-Barbee's arguments lack merit. First, Defendant CRG raised the issue of the application of a forum selection clause to non-signatories in its Motion to Dismiss. Tuckman-Barbee could have addressed this initial argument in its response pleading, but chose not to. Second, the Surreply's arguments do

13

not concern the two agreements between Plaintiff and CRG but is focused on Tuckman-Barbee's arguments that it is not bound by the forum selection clause and that the Western District of Pennsylvania lacks personal jurisdiction over it. Tuckman-Barbee could have raised and argued both of these issues in its initial opposition to the CRG's Motion to Dismiss or Transfer. Instead, Tuckman-Barbee chose to file a two-page Response in Opposition without detailed argument. Accordingly, Tuckman-Barbee has not demonstrated a need for a Surreply and its Motion for Leave, *Nunc Pro Tunc*, to File a Surreply is DENIED. As such, Defendant CRG's Motion to Strike the Surreply is GRANTED and the clerk of the Court is instructed to Strike Defendant Tuckman-Barbee's Surreply (ECF No. 24) from the record.

## CONCLUSION

For the reasons stated above, Defendant Church Restoration Group, LLC's Motion to Dismiss or in the Alternative to Transfer Venue to the United States District Court for the Western District of Pennsylvania (ECF No. 10) is DENIED. Additionally, Defendant Church Restoration Group, LLC's Motion to Strike Tuckman-Barbee's Surreply (ECF No. 29) is GRANTED and Defendant Tuckman-Barbee Construction Co., Inc.'s Motion for Leave, *Nunc Pro Tunc*, to File Surreply (ECF No. 30) is DENIED. The Clerk of the Court shall strike Defendant Tuckman-Barbee Construction Co., Inc.'s Surreply (ECF No. 24) from the record.

A separate Order follows.

Dated:       March 26, 2013            /s/_____
                                       Richard D. Bennett
                                       United States District Judge